IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| PROGRESSIVE ADVANCED INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 18-00615-CV-W-ODS |
| FELICIA L. RHODES, et al., | ) ) ) | |
| Defendants. | ) | |

## ORDER AND OPINION DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pending is Plaintiff's Motion for Summary Judgment. Doc. #47. For the following reasons, Plaintiff's motion is denied.

## I.     BACKGROUND

In August 2018, Plaintiff Progressive Advanced Insurance Company[1] filed this lawsuit against Defendants Felicia Rhodes, James Adams III, Anna Jackson, and Cynthia Corredor. Doc. #1. Plaintiff seeks a declaratory judgment that it owes no coverage to Defendants from an automobile collision that allegedly occurred in October 2017. Docs. #1, 19. At the time of the alleged collision, Plaintiff had issued an automobile insurance policy to Rhodes for a 2015 Ford Taurus. The relevant portions of that policy are as follows:

## PART I – LIABILITY TO OTHERS

**INSURING AGREEMENT**

Subject to the General Definitions, to all the terms, conditions, and limitations of Part VI – Duties In Case Of An Accident Or Loss, to all the terms, conditions, and limitations of Part VII – General Provisions, and to all the terms, conditions, exclusions, limitations, and applicable reductions described in this Part I, if **you** pay the premium for this coverage and coverage under this Part I applies, **we** will pay damages for **bodily injury**

---

[1] In October 2018, Plaintiff amended its complaint, changing its name from Progressive Casualty Insurance Company to Progressive Advanced Insurance Company. Doc. #19.

and **property damage** for which an **insured person** becomes legally responsible because of an accident….

## ADDITIONAL DEFINITION

When used in this Part I:
"**Insured person**" means:
a.      **you**, a **relative**, or a **rated resident** with respect to an accident arising out of the ownership, maintenance or use of an auto or trailer….

## <u>EXCLUSIONS</u> – READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE WILL NOT BE AFFORDED UNDER THIS PART I.

Coverage under this Part I, including **our** duty to defend, will not apply to any **insured person** for….

9.      **bodily injury** or **property damage** caused by an intentional act of that **insured person**, or at the direction of that **insured person**, even if the actual injury or damage is different than that which was intended or expected….

11.      **bodily injury** to **you** or a **relative**….

\* \* \* \*

## <u>PART II – MEDICAL PAYMENTS COVERAGE</u>

## INSURING AGREEMENT

Subject to the General Definitions, to all the terms, conditions, and limitations of Part VI – Duties In Case Of An Accident Or Loss, to all the terms, conditions, and limitations of Part VII – General Provisions, and to all the terms, conditions, exclusions, limitations, and applicable reductions described in this Part II, if **you** pay the premium for this coverage and coverage under this Part II applies, **we** will pay the reasonable expenses incurred for necessary **medical services** received within three years from the date of a **motor vehicle** accident because of **bodily injury**:
1.      sustained by an **insured person**; and
2.      caused by that **motor vehicle** accident….

## ADDITIONAL DEFINITIONS

When used in this Part II:
1.      "**Insured person**" means:
        a.      **you**, a **relative**, or a **rated resident**:
                (i)      while occupying an auto….; and
        b.      any other person while **occupying** a **covered auto** with the permission of **you**, a **relative**, or a **rated resident**.

\* \* \* \*

## <u>PART III (A) – UNINSURED MOTORIST COVERAGE</u>

## INSURING AGREEMENT

Subject to the General Definitions, to all the terms, conditions, and limitations of Part VI – Duties In Case Of An Accident Or Loss, to all the terms, conditions, and limitations of Part VII – General Provisions, and to all the terms, conditions, exclusions, limitations, and applicable reductions described in this Part III(A), if **you** pay the premium for this coverage and coverage under this Part III(A) applies, **we** will pay for damages that an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury**:

1.      sustained by that **insured person**; and
2.      arising out of the ownership, maintenance or use of an **uninsured motor vehicle**….

## ADDITIONAL DEFINITIONS

When used in this Part III(A):
1.      "**Insured person**" means:
     a.      **you**, a **relative**, or a **rated resident**;
     b.      any person **occupying** a **covered auto** with the permission of **you**, a **relative**, or a **rated resident**….
2.      "**Uninsured motor vehicle**" means a land motor vehicle or trailer…
     c.      that is a hit-and-run vehicle whose owner or operator cannot be identified and which causes **bodily injury**, provided that the **insured person**, or someone on his or her behalf, reports the accident to the police or civil authority within 24 hours or as soon as practicable after the accident….

\* \* \* \*

## <u>PART IV – DAMAGE TO A VEHICLE</u>

## INSURING AGREEMENT – COLLISION COVERAGE

If **you** pay the premium for this coverage, **we** will pay for sudden, direct and accidental loss to a:
1.      **covered auto**, including an attached **trailer**….

## INSURING AGREEMENT – RENTAL REIMBURSEMENT COVERAGE

**We** will reimburse rental charge incurred when **you** rent an **auto** from a rental agency or auto repair shop due to a loss to a **covered auto** for which Rental Reimbursement Coverage has been purchased. This coverage applies only if **you** have purchased both Comprehensive Coverage and Collision Coverage for that covered auto and the loss is covered under one of those coverages….

**INSURING AGREEMENT – LOAN/LEASE PAYOFF COVERAGE**

If **you** pay the premium for this coverage, and the **covered auto** for which this coverage was purchased is deemed by **us** to be a total loss, **we** will pay, in addition to any amounts otherwise payable, under this Part IV, the difference between:

1.    the actual cash value of the **covered auto** at the time of the total loss; and

2.    any greater amount the owner of the **covered auto** is legally obligated to pay under a written loan or lease agreement to which the covered auto is subject at the time of the total loss, reduced by:

    a.    unpaid finance charges or refunds due to the owner for such charges;

    b.    excess mileage charges or charges for wear and tear;

    c.    charges for extended warranties or refunds due to the owner for extended warranties;

    d.    charges for credit insurance or refunds due to the owner for credit insurance;

    e.    past due payments and charges for past due payments; and

    f.    collection or repossession expenses.

\* \* \* \*

## PART VII – GENERAL PROVISIONS

\* \* \* \*

**FRAUD OR MISREPRESENTATION**

\* \* \* \*

**We** may deny coverage for an accident or loss if **you** or a person seeking coverage has concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

Doc. #48-1, at 11-13, 16-17, 20, 28-30, 38, 40.

Defendants claim they were involved in an automobile accident on October 22, 2017, on Lydia Avenue near 80th Street in Kansas City, Missouri. According to Defendants, Rhodes, who was driving her 2015 Ford Taurus, was stopped behind a 2006 Chrysler 300C owned by Tanika Judie (but driven by Perrin Garrett) when a vehicle struck Rhodes's vehicle, causing Rhodes's vehicle to hit Judie's vehicle. Defendants contend the vehicle that struck Rhodes's vehicle fled the scene, and no one observed any identifying information regarding the vehicle. All Defendants submitted claims to Plaintiff for medical payment coverage and uninsured motorist coverage. Rhodes also submitted a claim for collision coverage.

As part of its investigation into Defendants' claims, Plaintiff inspected Rhodes's vehicle and Judie's vehicle, obtained video from a homeowner who resided close to the location where the alleged accident occurred, and retrieved Rhodes's vehicle's airbag control module ("ACM"). According to Plaintiff, the video showed no accident occurred on the corner of Lydia Avenue and 80th Street on October 22, 2017, between 10:00 and 10:15 p.m. and between 11:00 and 11:15 p.m. Additionally, Rhodes's vehicle's ACM indicated Rhodes's vehicle was not stopped when it struck Judie's vehicle; a single frontal airbag deployment occurred when Rhodes's vehicle rear-ended another vehicle; no airbag was deployed when Rhodes's vehicle was rear-ended; and the rear-end damage to Rhodes's vehicle occurred when the vehicle's ignition was not engaged. Thus, Plaintiff filed the above-captioned matter seeking a declaration judgment.

In March 2019, Adams, Jackson, and Corredor, after failing to file to respond to Plaintiff's Amended Complaint were found in default. Doc. #41. In July 2019, Plaintiff filed the pending motion for summary judgment. Docs. #47-48. Rhodes filed her opposition to Plaintiff's motion. Doc. #51. After Plaintiff filed its reply (Doc. #52), Rhodes, without seeking leave of Court, filed her First Amended Response to Plaintiff's Motion for Summary Judgment. Doc. #53. Both of Rhodes's responses are discussed further *infra*, section III. Plaintiff's motion for summary judgment is now fully briefed.

## II.     STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Williams v. City of St. Louis*, 783 F.2d 114, 115 (8th Cir. 1986). "[W]hile the materiality determination rests on the substantive law, it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Wierman v. Casey's Gen. Stores*, 638 F.3d 984, 993 (8th Cir. 2011) (quotation omitted). The Court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 588-89 (1986); *Tyler v.*

*Harper*, 744 F.2d 653, 655 (8th Cir. 1984). "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge…ruling on a motion for summary judgment…." *Anderson*, 477 U.S. at 255; *Great Plains Real Estate Dev., L.L.C. v. Union Cent. Life Ins. Co.*, 536 F.3d 939, 943-44 (8th Cir. 2008) (citation omitted) (stating the court "does not…discern the truth of any factual issue" when considering a motion for summary judgment). A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of the…pleadings, but…by affidavits or as otherwise provided in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

## III.    RHODES'S RESPONSES TO PLAINTIFF'S SUMMARY JUDGMENT MOTION

In her initial response to Plaintiff's summary judgment motion, Rhodes claims a genuine issue of material fact existed, and therefore, Plaintiff is not entitled to summary judgment. Doc. #51, at 1. She states what "really happened" must be determined by assessing the witnesses' credibility, there are disputed facts as to how the accident occurred, Plaintiff failed to establish no genuine issue of material fact exists, and Plaintiff has submitted only a "subset" of the evidence to the Court. *Id.* at 1-2. Rhodes refers generally to her account of the events "under oath." *Id.* at 2. She does not attach any exhibits to her response or cite to anything specific in the record. Rhodes's response to Plaintiff's summary judgment motion violates the federal and local rules in several respects.

According to the Federal Rules of Civil Procedure, when asserting there is a genuine issue of material fact, a party responding to a motion for summary judgment must support that assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or demonstrating "the materials cited do not establish the absence…of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). This Court's Local Rules direct the party opposing summary judgment to "admit[] or controvert[] each separately numbered paragraph in the movant's statement of facts. If the opposing party controverts a given fact, it must properly support its denial in

accordance with Fed. R. Civ. P. 56(c)."  L.R. 56.1(b)(1).  If a moving party's fact is not "specifically controverted by the opposing party, all facts set forth in the statement of the movant are deemed admitted for the purpose of summary judgment."  *Id.*  If the opposing party relies on facts not contained in the movant's suggestions, the opposing party "must add a concise listing of material facts…in a separately numbered paragraph and properly supported in accordance with Fed. R. Civ. P. 56(c)."  L.R. 56.1(b)(2).

Contrary to the Federal Rules of Civil Procedure and the Local Rules, Rhodes did not admit or deny each separately numbered paragraph set forth in Plaintiff's summary judgment motion.  Doc. #51.  While Rhodes informs the Court that Plaintiff's purported facts are disputed, Rhodes does not cite anything in the record to support her representation.  *Id.*  Furthermore, Rhodes, who informs the Court that it only has a "subset" of information before it, does not add a concise listing of material facts in separately numbered facts.  *Id.*  And Rhodes does not properly support any additional facts with citations to the record.  *Id.*

In violation of the Court's Local Rules, Rhodes filed an amended response to Plaintiff's summary judgment without seeking leave of Court.  L.R. 15.1.  For this reason alone, the Court could strike the filing.  Even if the Court were to set aside Rhodes's failure to seek leave of Court to file her an amended response, Rhodes's amended response does not cure the deficiencies in her initial response.  While she "denies each and every allegation and assertion of uncontroverted fact" and lists why she denies each fact, Rhodes, once again, does not city anything in the record to support her position and does not provide supported material facts that Plaintiff purportedly failed to include in its motion.  Doc. #53, at 1-2.

When a party fails to properly address another party's assertion of fact or fails to support its facts, the Court may give that party an opportunity to address the moving party's fact or address the responding party's additional facts; consider the fact undisputed for purposes of summary judgment; grant summary judgment if the motion and supporting materials, including facts that are considered undisputed, show that the movant is entitled to summary judgment; or issue any other appropriate order.  Fed. R. Civ. P. 56(e).  The Local Rules inform the parties that "all facts set forth in the statement of the movant are deemed admitted for the purpose of summary judgment" unless the responding party specifically controverts the moving party's facts.  L.R. 56.1(b)(1).

Rhodes could have (and should have) specifically disputed Plaintiff's facts by citing portions of the record that supported her position. Rhodes's Examination of Oath, which was attached Plaintiff's motion, provides support for many of the facts that Rhodes claims are disputed. Likewise, Rhodes could have (and should have) set forth additional facts that demonstrated genuine issues of material fact precluded entry of summary judgment, along with citations to the record supporting those assertions of fact. The Court finds that if it were to deem Plaintiff's statement of facts as admitted, the result would be too severe. Thus, in the interests of justice, the Court has excused the deficiencies in Rhodes's responses. When considering Plaintiff's motion for summary judgment, the Court has considered the parties' briefing and the exhibits attached to Plaintiff's motion.

## IV. DISCUSSION

"Disputes arising from interpretations and application of insurance contracts are matters of law for the court where there are no underlying facts in dispute." *Intermed Ins. Co. v. Hill*, 367 S.W.3d 84, 88 (Mo. Ct. App. 2012) (quoting *Moore v. Commercial Union Ins. Co.,* 754 S.W.2d 16, 18 (Mo. Ct. App. 1988)).[2] "An insurance contract is designed to furnish protection; therefore it will be interpreted to grant coverage rather than defeat it." *Id.* (citation omitted). "Exclusion clauses in insurance policies are to be strictly construed against the insurer." *Id.* (citation omitted).

The record before the Court demonstrates there are underlying material facts that are in dispute. Rhodes testified under oath that a vehicle struck her vehicle from behind, causing Rhodes's vehicle to strike the vehicle in front of her. Doc. #48-2, at 54-58. Adams testified similarly. Doc. #48-4, at 13-14, 17. Plaintiff, on the other hand, presented an affidavit from Tim Krehbiel, a mechanical engineer, licensed professional engineer, and Accredited Traffic Accident Reconstructionist. Doc. #48-5, at 1-5. Krehbiel retrieved crash data from Rhodes's vehicle, which, according to Krehbiel, demonstrates Rhodes's vehicle was not stopped when it struck the vehicle in front of it, Rhodes's vehicle was traveling at fourteen miles per hour when it struck the car in front of it, there was no one in the passenger seat of Rhodes's vehicle at the time of the front

---

[2] The parties seems to agree that Missouri law applies.

impact collision, Rhodes's vehicle's ignition was off when the rear impact occurred, and the collisions did not occur as Rhodes represented to Plaintiff. *Id.* at 2-4, 10-29.

Plaintiff asks the Court to find Defendants "concealed or mispresented any material fact or circumstance, or engaged in fraudulent conduct," and therefore, Plaintiff properly denied coverage for the accidents. Setting aside what constitutes a material fact, whether Defendants concealed material facts or made misrepresentations about material facts to Plaintiff about how the vehicle collisions occurred depends on who the Court determines is credible, how the Court weighs the evidence, and the inferences the Court draws from the facts. If the Court finds Plaintiff's expert witness is credible or places greater weight on Plaintiff's expert's report, Plaintiff is entitled to summary judgment. If, however, the Court finds Rhodes and/or Adams is credible or places greater weight on their testimonies, Plaintiff is not entitled to summary judgment.

Fatal to Plaintiff's summary judgment motion, credibility determinations and the weighing of evidence is not for this Court to decide at this state of the proceedings. *See Anderson*, 477 U.S. at 255; *Great Plains Real Estate*, 536 F.3d at 943-44. Furthermore, the Court must view the evidence in the light most favorable to Rhodes, giving Rhodes the benefit of all inferences that may be reasonably drawn from the evidence. *Matsushita Elec. Indus.* 475 U.S. at 588-89; *Tyler*, 744 F.2d at 655. Because this Court is not permitted to render credibility determinations or weigh evidence when considering a motion for summary judgment and because the Court must view the evidence in the light most favorable to Rhodes, the Court finds genuine issues of material exist. Accordingly, the Court denies Plaintiff's motion for summary judgment.

## V. CONCLUSION

For all of the foregoing reasons, Plaintiff's motion for summary judgment is denied.

IT IS SO ORDERED.

DATE: August 26, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT